IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGIA FILM FUND SEVENTEEN
PRODUCTIONS, LLC,

       Plaintiff,                                     No.

v.

JUAN SANCHEZ, individually and as President of the
CHILILI LAND GRANT/LA MERCED DE CHILILI,
the LA MERCED DE PUEBLO DE CHILILI BOARD
OF TRUSTEES, and PATRICK ELWELL,

       Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT,
MISREPRESENTATION, BREACH OF CONTRACT AND
BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

Plaintiff, Georgia Film Fund Seventeen Productions, LLC ("Georgia Film") for its Complaint against Juan Sanchez, individually and as the President of the Chilili/La Merced de Chilili, the La Merced de Pueblo de Chilili Board of Trustees, and Patrick Elwell (hereinafter collectively "Defendants") states as follows:

**JURISDICTION AND VENUE**

1.     Georgia Film is a foreign corporation incorporated in the State of Delaware with its principal place of business in states other than in the State of New Mexico.

2.     Defendants Juan Sanchez and Patrick Elwell are citizens of the State of New Mexico.

3. Defendant La Merced de Pueblo de Chilili Board of Trustees ("Chilili Land Grant") is a New Mexico business with its principal place of business in Bernalillo, New Mexico.

4. There is complete diversity of citizenship between Georgia Film and the Defendants.

5. The amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.00.

6. This Court has jurisdiction pursuant to 28 U.S.C. §1332.

7. The claims at issue in this action arose in the District of New Mexico and the Defendants are all citizens of the State of New Mexico. Venue is therefore proper in this Court pursuant to 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

8. Georgia Film repeats and re-alleges the allegations contained in Paragraphs 1 through 7 as though set forth in their entirety.

9. On or about August 2, 2012, Georgia Film contracted with La Merced de Pueblo de Chilili Board of Trustees ("Chilili Land Grant") for the exclusive usage of Chilili Land Grant real property for the filming of "Lone Survivor" in exchange for a location fee of $35,000.00. A true and correct copy of the Location Agreement is attached hereto as Exhibit A.

10. In the Location Agreement, the Chilili Land Grant states that it is the Owner of the leased premises, which is the subject of the Location Agreement. Exhibit A, p.1.

11. Defendant Juan Sanchez, individually and as the President of the Chilili Land Grant signed the Location Agreement and represented that:

> Owner warrants that Owner is the owner (or agent for the owner) of said premises, that Owner is fully authorized to enter into this Agreement and has the

2

right to grant Produce[r] the use of said premises and each and all of the rights herein granted and no third party's permission is required for the use of said premises.  Owner shall indemnify and hold Producer harmless from and against any and all loss, cost, liabilities, damages or claims (including attorney's fees) of any nature arising from the breach of warranty or agreement made by Owner in the Agreement.

Ex. A, p. 2, ¶ 9.

12. Pursuant to the warranty and representation contained in paragraph 9 of the Location Agreement, Defendants Sanchez and the Chilili Land Grant, specifically warranted that he and the Land Grant are in fact the owner of the premises which are the subject of the Location Agreement and agreed to indemnify and hold harmless Georgia Film from any claims made by others for all losses, claims, etc., regardless of the nature of such loss or claim "…arising from the breach or any warranty, or agreement made by Owner in the agreement."  Ex. A, p. 2, ¶ 9.

13. On or about November 3, 2013, Defendant Patrick Elwell sent a letter to Plaintiff, claiming that he is the owner in fact of the premises identified in the Location Agreement and demanding payment in the amount of $160,000.00.  True and correct copies of the November 3, 2013 written demand and attached "Invoice for Utilization of Parcel" are attached hereto as Exhibit B.

14. Defendant Elwell also provided Plaintiff with a copy of what purports to be a Warranty Deed of the subject property which Elwell granted to himself as "Trustee of the Elwell Revocable Trust."  A true and correct copy of that claimed Warranty Deed is attached hereto as Exhibit C.  If Elwell is the lawful owner of the property as stated in this Deed, he has failed to demonstrate that any part of his land is part of the premises occupied by Plaintiff under the Location Agreement.

15. On November 27, 2013, Plaintiff demanded indemnification against Defendant Elwell's claims from the La Merced de Pueblo de Chilili Board of Trustees, requesting a

response by December 9, 2013.  The Board of Trustees rejected the demand and asserted that it was entitled to be indemnified by Plaintiff.  (Exhibit D).

## COUNT I: DECLARATORY JUDGMENT

16. Georgia Film repeats and re-alleges the allegations contained in Paragraphs 1 through 15 as though set forth in their entirety.

17. By the reason of the foregoing, and pursuant to 28 U.S.C. §2201, there exists an actual justiciable controversy between Plaintiff and Defendants, and this Court is vested with the power to declare the rights and other legal relationships of all parties, if any,  to the instant litigation with respect to the issues raised in this Complaint.

18. Plaintiff requests judgment from this Court determining the true owner of the subject property identified in the Location Agreement.

19. Should the Court adjudge Defendant Elwell to be the owner of the subject property under the Location Agreement, Plaintiff is also entitled to a judgment from the Court declaring that Defendant Sanchez and Defendant La Merced de Pueblo de Chilili Board of Trustees and its President, Juan Sanchez, have a duty to indemnify it against the claims asserted by Defendant Elwell, as well as any other contractual or common law duties owed to Plaintiff.

## COUNT II: MISREPRESENTATION

20. Georgia Film repeats and re-alleges the allegations contained in Paragraphs 1 through 19 as though set forth in their entirety.

21. Should the Court determine Defendant Elwell to be the owner of the subject property, then Defendants Sanchez and the Chilili Land Grant, knowingly or negligently made misrepresentations about owning the subject property, as further described in paragraphs 9 through 12, on which Georgia Film relied to its detriment.

23. This conduct was malicious, willful, reckless, wanton, fraudulent, or in bad faith, and Plaintiff is entitled to recover punitive damages.

## COUNT III: BREACH OF CONTRACT

24. Georgia Film repeats and re-alleges the allegations contained in Paragraphs 1 through 23 as though set forth in their entirety.

25. Defendants Sanchez and the Chilili Land Grant entered into an enforceable contract when he signed the Location Agreement with Georgia Film.

26. In the Location Agreement, Defendants Sanchez and the Chilili Land Grant, specifically warrant that the Land Grant is in fact the owner of the subject property and agrees to indemnify and hold harmless Georgia Film from any claims made by others for all losses, claims, etc., regardless of the nature of such loss or claim "…arising from the breach or any warranty, or agreement made by Owner in the agreement," as further described in paragraphs 9 through 12.

27. Defendants Sanchez and the Chilili Land Grant Board of Trustees breached the Location Agreement by rejecting Plaintiff's demand for indemnification against Defendant Elwell's claims, as further described in paragraph 9.

28. Should the Court determine Defendant Elwell to be the owner of the subject property, then Defendant Sanchez and the Chilili Land Grant breached the warranty that they are in fact the lawful owner of the subject property.

29. These breaches of the Agreement are malicious, willful, fraudulent, in bad faith, subjecting Plaintiff to damages, including location fees and costs associated with performance and to punitive damages, all to be proven at trial.

**COUNT IV: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

30.     Georgia Film repeats and re-alleges the allegations contained in Paragraphs 1 through 29 as though set forth in their entirety.

31.     New Mexico law imposes a duty of good faith and fair dealing on parties with respect to the performance and enforcement of the terms of contracts between them.

32.     Defendants Sanchez and the Chilili Land Grant Board of Trustees have violated the covenant of good faith and fair dealing by entering into the Agreement and subsequently refusing Plaintiff's demand for indemnification against Defendant Elwell's claims. Plaintiff has thereby suffered damages, including location fees and costs associated with performance, to be proven at trial.

33.     This conduct is malicious, willful, fraudulent, and in bad faith subjecting Defendants to punitive damages.

WHEREFORE, Plaintiff Georgia Film Fund Seventeen Productions, LLC, respectfully requests this Court to declare the rights of Defendants with respect to the subject property identified in the Location Agreement. Plaintiff further requests that the Court declare that Defendants Sanchez and La Merced de Pueblo de Chilili Board of Trustees are obligated to defend and indemnify it against the claims made by Defendant Elwell and any other loss, cost, liabilities, damages or claims (including attorney's fees) of any nature arising from the breach of warranty or agreement made by them in the Location Agreement if Elwell is determined to be the lawful owner of the premises at issue.

Plaintiff further requests a judgment against Defendant Sanchez, individually and as the President of the Chilili/La Merced de Chilili and the La Merced de Pueblo de Chilili Board of Trustees for general and special damages for fraudulent or negligent misrepresentations, for

breach of contract, for breach of the covenant of good faith and fair dealing, for indemnification, for punitive damages, for prejudgment interest, for attorneys' fees and its costs incurred in this action, and for such other relief as the Court deems just and proper under the circumstances.

                              **FOSTER, RIEDER & JACKSON, P.C.**

                By:    /s/Geoffrey D. Rieder
                    Geoffrey D. Rieder
                    Sarah K. Downey
                    201 Third Street, NW, Suite 1500
                    Albuquerque, NM  87102
                    (T) (505)767-0577
                    (F) (505) 242-9944
                    *Attorneys for Plaintiff Georgia Film Fund Seventeen Productions, LLC*