## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GEORGIA FILM FUND
SEVENTEEN PRODUCTIONS, LLC,

        Plaintiff / Counterclaim Defendant,

vs.                        No. 1:14-cv-00032-SCY-RHS

JUAN SANCHEZ, individually and as
President of the CHILILI LAND GRANT /
LA MERCED DE CHILILI, and LA MERCED
DEL PUEBLO DE CHILILI BOARD OF
TRUSTEES,

        Defendants / Cross-Claim Defendants, and

PATRICK ELWELL.

        Defendant / Counterclaim Plaintiff / Cross-Claim Plaintiff.

### ELWELL'S ANSWER, COUNTERCLAIM, AND CROSS-CLAIM

Defendant Patrick Elwell ("Elwell"), by and through his counsel, Espinosa & Associates,

P.C. (Richard D. Barish and Leonard G. Espinosa), in response to the Plaintiff's Complaint for

Declaratory Judgment, Misrepresentation, Breach of Contract, and Breach of the Covenant of

Good Faith and Fair Dealing ("Complaint"), pleads the following Answer, Counterclaim, and

Cross-Claim:

### ANSWER

1.      Elwell lacks knowledge or information sufficient to form a belief about the truth

or falsity of the allegations of ¶ 1 of the Complaint and on that basis denies the same.

2.      Elwell admits the allegations of ¶ 2 of the Complaint

3.      Elwell denies the allegations of ¶ 3 of the Complaint.

4.      Elwell admits the allegations of ¶ 4 of the Complaint

5.	Elwell admits the allegations of ¶ 5 of the Complaint

6.	Elwell admits the allegations of ¶ 6 of the Complaint

7.	Elwell admits the allegations of ¶ 7 of the Complaint

8.	With respect to the allegation of ¶ 8 of the Complaint, Elwell restates his answers to the paragraphs incorporated by reference in ¶ 8.

9.	With respect to ¶ 9 of the Complaint, Elwell states that the Location Agreement, Ex. A to the Complaint (the "Location Agreement"), speaks for itself, and he denies that ¶ 9 accurately sets for the terms of the Location Agreement in all respects.  He is without sufficient knowledge or information to form a belief as to the truth or falsity of the other factual allegations of this paragraph.

10.	With respect to ¶ 10 of the Complaint, Elwell states that the Location Agreement speaks for itself.

11.	With respect to ¶ 11 of the Complaint, Elwell admits that Juan Sanchez signed the Location Agreement in the capacity shown in the Agreement and otherwise states that the Location Agreement speaks for itself.

12.	With respect to ¶ 12 of the Complaint, Elwell states that the Location Agreement speaks for itself.

13.	With respect to ¶ 13 of the Complaint, Elwell admits that he sent the documents attached to the Complaint as Exhibit B and states that the documents speak for themselves. Elwell specifically denies that he claimed to be the owner of the premises identified in the Location Agreement, that is, the owner of the "Chilili Land Grant/La Merced de Chilili," but admits that he is and that he claimed to be the owner of the Property identified in Ex. C, where Lone Survivor was filmed.

14.     Elwell admits the first and second sentences of ¶ 14 of the Complaint and affirmatively states that Patrick L. Elwell, as Trustee of the Elwell Revocable Trust utad September 8, 2011 is the proper manner in which he should be designated as a party in this action.  With respect to the third sentence of ¶ 14 of the Complaint, Elwell, as Trustee of the Elwell Revocable Trust utad September 8, 2011, admits that he is the lawful owner of the property described in the Deed, Ex. C to the Complaint, and otherwise denies the allegations of this sentence.

15.     Elwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 15 of the Complaint.

16.     With respect to the allegations of ¶ 16 of the Complaint, Elwell restates his answers to the paragraphs incorporated by reference in ¶ 16.

17.     Elwell admits the allegations of ¶ 17 of the Complaint.

18.     Paragraph 18 of the Complaint is a request for relief as to which no response is required.

19.     Elwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 10 of the Complaint.

20.     With respect to the allegations of ¶ 20 of the Complaint, Elwell restates his answers to the paragraphs incorporated by reference in ¶ 20.

21.     Elwell admits the allegations of ¶ 21 of the Complaint upon information and belief.

22.     The Complaint provided to Elwell does not contain a ¶ 22, and on this basis the paragraph is denied.

23.     Elwell admits the allegations of ¶ 23 of the Complaint as to Sanchez and the Chilili Land Grant and denies the allegations to the extent that they may refer to him.

24.     With respect to the allegation of ¶ 24 of the Complaint, Elwell restates his answers to the paragraphs incorporated by reference in ¶ 24.

25.     With respect to the allegation of ¶ 25 of the Complaint, Elwell admits that the Chilili Land Grant entered into an enforceable contract when Defendant Sanchez signed the Location Agreement and otherwise denies the allegations of this paragraph.

26.     With respect to the allegations of ¶ 26 of the Complaint, Elwell states that the Location Agreement speaks for itself.

27.     Elwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 27 of the Complaint.

28.     Elwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 28 of the Complaint.

29.     With respect to the allegation of ¶ 29, Elwell admits that the conduct of Sanchez and the Chilili Land Grant was malicious, willful, fraudulent, and in bad faith, and he admits that Georgia Film is liable for damages, including location fees, costs associated with performance, and punitive damages.  Elwell otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 29 of the Complaint.

30.     With respect to the allegation of ¶ 30, Elwell restates his answers to the paragraphs incorporated by reference in ¶ 30.

31.     The allegations of ¶ 31 are a pure statement of law as to which no response is required.

32.     Elwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of ¶ 32 of the Complaint.  Elwell admits the allegations of the second sentence of ¶ 32 of the Complaint.

33.     Elwell lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 33 of the Complaint.

WHEREFORE Defendant Patrick Elwell prays this Court for a declaration that he is the owner of the Property on which the film Lone Survivor was produced, for his costs in this matter, and for such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Counterclaim Plaintiff Patrick Elwell, as Trustee of the Elwell Revocable Trust utad September 8, 2011, ("Elwell"), for his Counterclaim against Counterclaim Defendant Georgia Film Fund Seventeen Productions, LLC ("Georgia Film") states:

1.     Elwell is a resident of Albuquerque, Bernalillo County, New Mexico.

2.     Upon information and belief, Georgia Film is a Delaware corporation with its principal place of business in a state other than New Mexico.

3.     The claims at issue involve real property in New Mexico and arose in New Mexico.

4.     Venue is proper in this Court.

5.     There is complete diversity of jurisdiction between Elwell and Georgia Film.

6.     Elwell has been damaged in the approximate amount of $35,000 for lost rent for the use of his premises by Georgia Film, $115,200 for damage to his property caused by Georgia Film, and an undetermined amount for loss of the set constructed on his property.

7.      This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332

and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

### COUNT I: TRESPASS

8.      Elwell incorporates by reference all previous paragraphs of this Counterclaim as

if fully set forth herein.

9.      Elwell, as Trustee of the Elwell Revocable Trust utad September 8, 2011, is the

owner in fee simple absolute of the following described real property in Bernalillo County, New

Mexico:

> Track numbered Six (6), Map numbered Seventy-One (71), within Section
> Thirty-One (31), Township 8 North, Range 7 East, as per Plane Table
> Survey made by the State Tax Commission of New Mexico for the Chilili
> Grant Lands,

(the "Property").  True and correct copies of the deeds constituting Elwell's chain of title are

attached hereto as Ex. 1.

10.      The Property was formerly a part of the Chilili Land Grant and is now a private

inholding within the exterior boundaries of the Chilili Land Grant.

11.      Georgia Film produced a feature film called "Lone Survivor" (the "Film")

12.      Georgia Film entered into an agreement with Defendant Chilili Land Grant to

shoot the Film on the Chilili Land Grant.  Upon information and belief, a true and correct copy

of this agreement, called "Location Agreement," is attached as Ex. A to the Complaint.

13.      Instead of shooting and producing the Film on the lands of the Chilili Land Grant,

Georgia Film shot and produced the Film on the Property in October and November, 2012.

14.      Georgia Film did not obtain the permission of Elwell to shoot and produce the

Film on the Property.

15.     Georgia Film did not obtain the permission of Elwell to reproduce and use images of the Property in the Film.

16.     Georgia Film paid Defendant Chilili Land Grant the sum of $35,000 as a fee for the right to produce the Film on the lands of the Chilili Land Grant and to use images of the lands of the Chilili Land Grant.

17.     Georgia Film did not pay Elwell anything for the use of his Property for the production of the Film or for the use of images of his Property in the Film.

18.     Georgia Film trespassed on Elwell's Property when it produced the Film.

19.     Elwell has been damaged by being deprived of a fee for the use of his Property as the site for production of the Film and for the use of images of his Property.

20.     Lone Survivor is a film about a failed 2005 Navy SEAL mission into the Hindu Kush Mountains of Afghanistan.

21.     In connection with the production of the Film, Georgia Film constructed an Afghan mountain village on the Property.

22.     Georgia Film further trespassed on Elwell's Property when, upon information and belief, at the conclusion of the Film, it hired Defendant Chilili Land Grant to remove the Afghan village set it had constructed on the Property.

23.     Elwell has been damages as a result by the loss of the set.

24.     In connection with the production of the Film, there were extensive special effects that included rocket propelled grenade hits, artillery fire, helicopter munitions, and mortars.

25.     The production of the Film involved approximately one hundred and fifty people on site; twenty semi-trucks and trailers, eight vans; two or three generators; a forty by sixty foot tent; a mobile onsite kitchen; and portable restrooms.  Upon information and belief, some or all

of the foregoing people and items were located on the Property temporarily or permanently during production of the Film.

26. The production of the Film cause damage to the Property, including the removal of trees and vegetation, destruction of wildflowers and grasses, and compacting of the soil.

## COUNT II: UNJUST ENRICHMENT / QUASI-CONTRACT / QUANTUM MERUIT

27. Elwell incorporates by reference all previous paragraphs of this Counterclaim as if fully set forth herein.

28. Georgia Film used the Property of Elwell for the production of the Film.

29. Georgia Film did not compensate Elwell for the use of his property.

30. It would be unjust to allow the Georgia Film to use the Property and to use images of the Property without compensating the owner for such use.

31. The Court should find that an implied-in-law contract or quasi-contract exists between Georgia Film and Elwell for the use of the Property and should order compensation for the reasonable value of such use.

## COUNT III: WASTE

32. Elwell incorporates by reference all previous paragraphs of this Counterclaim as if fully set forth herein.

33. Georgia Film damaged the Property of Elwell in the production of the Film, including by the removal of trees and vegetation, destruction of wildflowers and grasses, and compacting of the soil.

WHEREFORE Counterclaim Plaintiff Patrick Elwell, as Trustee of the Elwell Revocable Trust utad September 8, 2011, prays this Court for judgment in his favor against Georgia Film

for damages in an amount to be determined at trial, for his costs in this matter, and for such other and further relief as the Court deems just and proper.

## CROSS-CLAIM

Cross-Claim Plaintiff Patrick Elwell, as Trustee of the Elwell Revocable Trust utad September 8, 2011, ("Elwell"), for his Cross-Claim against Cross-Claim Defendants Juan Sanchez and the Chilili Land Grant / La Merced del Pueblo de Chilili Board of Trustees (the "Chilili Land Grant") states:

1.      Elwell is a resident of Albuquerque, Bernalillo County, New Mexico.

2.      The Chilili Land Grant, also known as La Merced del Pueblo de Chilili, is a land grant-merced recognized by the laws of the State of New Mexico and comprised of lands located in Bernalillo County, New Mexico.  The Chilili Land Grant is governed by the Board of Trustees of the Chilili Land Grant.

3.      Counter-Claim Defendant Juan Sanchez ("Sanchez") is the President of the Board of Trustees of the Chilili Land Grant and is a resident of Bernalillo County, New Mexico.

4.      Venue is proper in this Court.

5.      This Court has supplemental jurisdiction over this matter pursuant 28 U.S.C. § 1367(a).

6.      The Chilili Land Grant is responsible for the conduct of Sanchez and its other agents under the doctrine of respondeat superior.

7.      The conduct of Sanchez and the Chilili Land Grant as set forth in this Cross-Claim was willful, wanton, malicious, reckless, oppressive, and/or fraudulent, and Elwell is entitled to an award of punitive damages against them.

## COUNT I: CONSPIRACY TO TRESPASS

8. Elwell incorporates by reference as if fully set forth herein all previous paragraphs of this Cross-Claim.

9. Elwell, as Trustee of the Elwell Revocable Trust utad September 8, 2011, is the owner in fee simple absolute of the following described real property:

> Track numbered Six (6), Map numbered Seventy-One (71), within Section Thirty-One (31), Township 8 North, Range 7 East, as per Plane Table Survey made by the State Tax Commission of New Mexico for the Chilili Grant Lands,

(the "Property"). True and correct copies of the deeds constituting Elwell's chain of title are attached hereto as Ex. 1.

10. The Property was formerly a part of the Chilili Land Grant and is now a private inholding within the exterior boundaries of the Chilili Land Grant.

11. Plaintiff Georgia Film Fund Seventeen Productions, LLC ("Georgia Film") produced a feature film called "Lone Survivor" (the "Film").

12. The Chilili Land Grant entered into an agreement to lease the lands of the Chilili Land Grant to Georgia Film for the production of the Film.

13. Instead of shooting the Film on the lands of the Chilili Land Grant, Georgia Film shot the Film on the Property in October and November, 2012.

14. Upon information and belief, Sanchez or other persons acting in their capacities as representatives of the Chilili Land Grant, directed or participated in the selection of the Property as the location for the filming of Lone Survivor.

15. In the alternative, Sanchez or other persons acting in their capacities as representatives of the Chilili Land Grant, approved, acquiesced in, or knowingly permitted the shooting of the Film on the Property.

16. Sanchez and the Chilili Land Grant knew or should have known that the Property was owned by Elwell and was not the property of the Chilili Land Grant.

17. Sanchez and the Chilili Land Grant have a history of refusing to recognize the title of private landowners who own property within the exterior boundaries of the Chilili Land Grant.

18. Sanchez and the Chilili Land Grant conspired and participated with Georgia Film in the trespass on the Property of Elwell.

19. As a result of the conduct of Sanchez and the Chilili Land Grant, Elwell had been damaged, including by being deprived of rents and by damage to the Property.

## COUNT II: INTENTIONAL AND NEGLIGENT MISREPRESENTATION

20. Elwell incorporates by reference all previous paragraphs of this Cross-Claim as if fully set forth herein.

21. Upon information and belief, Sanchez or other agents of the Chilili Land Grant represented to Georgia Film that it was the owner of the Property.

22. Sanchez or the other agents of the Chilili Land Grant knew that the statement was false, or the statement was made recklessly.

23. The representation was made with the intent to deceive and to induce the reliance of Georgia Film.

24. Georgia Film relied on the representation in filming Lone Survivor on the Property.

25. In the alternative, upon information and belief, Sanchez and other agents of the Chilili Land Grant wrongfully failed to disclose that the Property belonged to Elwell.

26.     Sanchez and the Chilili Land Grant had a duty to disclose that it did not own the Property and that the Property was not property that was the subject of its Location Agreement with Georgia Film.

27.     Upon information and belief, Sanchez or other agents of the Chilili Land Grant discussed ownership of the Land Grant, and they therefore had a duty to disclose that the Property was not part of the Land Grant in order to prevent their words from being misleading.

28.     Sanchez and the Chilili Land Grant knew that the Property was owned by Elwell, and they knew that Georgia Film was operating under a mistaken belief that the Property was a part of the Chilili Land Grant and had been leased to Georgia Film.

29.     In the alternative, Sanchez or another agent of the Chilili Land Grant negligently misrepresented that the Chilili Land Grant was the owner of the Property.

30.     Sanchez and the Chilili Land Grant had no reasonable ground for believing that the statement that the owned the Property was true.

31.     Elwell has been damaged as a result.

**COUNT III: TRESPASS AND CONVERSION**

32.     Elwell incorporates by reference all previous paragraphs of this Cross-Claim as if fully set forth herein.

33.     Upon information and belief, following the completion of the filming of Lone Survivor, agents or representatives of the Chilili Land Grant entered the Property of Elwell and removed the set of Lone Survivor.

34.     The Chilili Land Grant did not obtain the permission of Elwell to enter his Property and remove the set.

35.     Elwell has been damaged by the entry of agents of the Chilili Land Grant onto his Property and by the removal of the set from his Property.

## COUNT IV: UNJUST ENRICHMENT

36.     Elwell incorporates by reference all previous paragraphs of this Cross-Claim as if fully set forth herein.

37.     Georgia Film paid the Chilili Land Grant $35,000 for the use of the Chilili Land Grant for the filming of Lone Survivor.

38.     Georgia Film did not use the Chilili Land Grant for the filming of Lone Survivor, but instead used the Property of Elwell.

39.     The Chilili Land Grant knowingly benefitted at Elwell's expense by receipt of the lease payment of $35,000 from Georgia Film.

40.     It would be unjust to allow the Chilili Land Grant to retain the lease payment it received from Georgia Film, a benefit that should have been paid to Elwell.

41.     Upon information and belief, the Chilili Land Grant was paid $25,000 to remove the set after the completion of the filming of Lone Survivor.

42.     Elwell wished to retain the set to facilitate the leasing of the Property for future film or television productions.

43.     The Chilili Land Grant knowingly benefitted at Elwell's expense by receipt of $25,000 from Georgia Film for removal of the set and by receiving the set or the materials comprising the set.

44.     It would be unjust to allow the Chilili Land Grant to retain the $25,000 payment for removal of the set and to retain the set or materials.

45.     The Chilili Land Grant should be required to disgorge the benefits that it has received.

## COUNT V: NEGLIGENCE

46.     Elwell incorporates by reference all previous paragraphs of this Cross-Claim as if fully set forth herein.

47.     The Chilili Land Grant's agreement with Georgia Film was to allow Georgia Film to produce the Film on the lands of the Chilili Land Grant.

48.     Sanchez and the Chilili Land Grant allowed Georgia Film to enter into the exterior boundaries and across the lands of the Chilili Land Grant for the purpose of producing the Film.

49.     Sanchez and the Chilili Land Grant had a duty to Elwell to exercise reasonable care to ensure that the Film was shot on the lands of the Chilili Land Grant and not on the private lands of Elwell.

50.     Sanchez and the Chilili Land Grant breached their duty to Elwell by directing or permitting the film to be shot on the lands of Elwell.

WHEREFORE Cross-Claim Plaintiff Patrick Elwell, as Trustee of the Elwell Revocable Trust utad September 8, 2011, prays this Court for judgment in his favor in an amount to be determined at trial; for his costs in this matter; for punitive damages; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

ESPINOSA & ASSOCIATES, P.C.
Electronically signed,

By: /s/ Richard D. Barish
    Richard D. Barish
    Leonard G. Espinosa
    Counsel for Patrick Elwell
    100 Sun Ave. N.E., Suite 204
    Albuquerque, N.M. 87109
    (505) 242-5656; (505) 242-9869 (fax)
    rdb@espinosa-associates.com

I CERTIFY that on this 26th day of
September, 2014, I caused a copy
of the foregoing Answer, Counterclaim,
and Cross-Claim to be served by way of
the Court's electronic filing system on
the following persons:

Geoffrey D. Rieder
Sarah K. Downey
Foster, Rieder & Jackson, P.C.
201 Third Street N.W., Suite 1500
Albuquerque, N.M. 87102

/s/ Richard D. Barish