IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGIA FILM FUND SEVENTEEN
PRODUCTIONS, LLC,

    Plaintiff,

v.                                            No. 1:14-cv-00032, KBM-RHS

JUAN SANCHEZ, individually and as President of the
CHILILI LAND GRANT/LA MERCED DE CHILILI,
the LA MERCED DE PUEBLO DE CHILILI BOARD
OF TRUSTEES, and PATRICK ELWELL,

    Defendants.

## MOTION TO DISMISS

Come Now the Defendant Juan Sanchez, individually, and as President of the Chilili Land Grant/La Merced de Chilili, the La Merced de Pueblo de Chilili Board of Trustees, and move the court to dismiss the complaint against them on grounds that service of process has not taken place within the time required by Rule 4(m) of the Rules of Civil Procedure and because the amount in controversy does not exceed $75,000.00 as required by 28 U.S.C. § 1332(a).

**I. Service of process did not take place within the time required by Rule 4(m) of the Rules of Civil Procedure**

Defendants show the court that service of process has not taken place within the time permitted by Rule 4(m) of the Rules of Civil Procedure. The complaint was filed by Plaintiff on January 10, 2014. Service of Process against these Defendants did not take place until October 14, 2014, more than 270 days after the filing of the complaint.

Rule 4(m) provides in part that "[i] f a Defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the Plaintiff - must dismiss

1

the action without prejudice against that Defendant or order that service be made within a specified time."

In applying this rule, the court is to use a two-step analysis. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). First, a court must preliminarily examine whether the plaintiff can demonstrate good cause for failing to timely effect service by "follow[ing] the cases in this circuit that have guided that inquiry." Espinoza v. United States, 52 F.3d at 841. If the plaintiff shows good cause, the Court must grant an extension of time in which to properly serve the defendant. See Espinoza v. United States, 52 F.3d at 841. If the plaintiff fails to show good cause, however, the court may exercise its discretion to either dismiss the case without prejudice or to extend the time for service. See Espinoza v. United States, 52 F.3d at 841. The good cause provision of Rule 4(m) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule. See Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994) and Jones v. Frank, 973 F.2d 872, 873-74 (10th Cir. 1992). Inadvertence or negligence alone does not constitute good cause for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice. Broitman v. Kirkland (In re Kirkland), 86 F.3d 172, 176 (10th Cir. 1996). If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). A court may consider several factors in determining whether to grant a permissive extension, including whether the applicable statute of limitations would bar the re-filed action, whether the plaintiff is proceeding pro se, and whether the defendants are evading service. See Espinoza v. United States, 52 F.3d at 842. In this case, plaintiff is not able to show that a permissive extension of time is warranted.

2

Defendants are not evading service, Plaintiff is not proceeding pro se, and the applicable statute of limitations does not bar a re-filed action.

## II. The amount in controversy does not exceed $75,000.00

A federal district court has original jurisdiction over a case involving a federal question or diversity of citizenship. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). A federal court has diversity jurisdiction if there is complete diversity of citizenship between plaintiffs and defendants, and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a).

The measure of damages for injury to real property is the value of the property immediately before the occurrence and immediately after the occurrence. UJI 13-1819 NMRA. The value of the land claimed by Elwell is in the range of $15,000.00 to $35,000.00. See the Affidavit of Juan Sanchez, attached hereto.

WHEREFORE, it is respectfully requested that the complaint be dismissed.

GARCIA LAW OFFICE

By: _____
NARCISO GARCIA, JR., LLC
Attorney for Chilili Defendants
2033 San Mateo Blvd., N.E.
Albuquerque, NM 87110
(505) 265-5010

I HEREBY CERTIFY that a copy of the foregoing pleading was electronically filed, which caused the document to be electronically transmitted to defense counsel on this 4th day November, 2014.

_____
NARCISO GARCIA, JR., LLC

# AFFIDAVIT

Juan Sanchez, after being sworn states:

1. My name is Juan Sanchez and all of the statements made in this affidavit are based on my personal knowledge.

2. I am the President of the Board of Trustees of the Chilili Land Grant and have been President since 1989.

3. I am familiar with the land that Patrick Elwell claims within the land grant, described as Tract 6, Map 71 of the Chilili Land Grant Plane Table Survey consisting of 31 acres.

4. I am familiar with the value of land within the Chilili Land Grant.

5. An appraisal of similar land within the land grant, consisting of 20 acres, rendered a value range of $15,000-$35,000. See Exhibit 1 hereto.

6. The value of the land Elwell claims has a similar value.

SUBSCRIBED AND SWORN TO before me this 4th day of Nov., 2014 by Juan Sanchez. Witness my hand and official seal:

_____
JUAN SANCHEZ

_____
Notary Public

Official Seal
Sara L. Coleman
Notary Public
State of New Mexico
My Commission Expires: 2/24/15

My commission expires:
2/24/15

Lender/Client Chilili Land Grant Assn   Address [illegible]
Occupant Vacant Land   Appraiser Stephen K Osborne   Instructions to Appraiser Establish value for current owner donating subject land to Chilili Land Grant Assn for tax purposes.

## NEIGHBORHOOD

| | | | | | | | Good | Avg | Fair | Poor |
|---|---|---|---|---|---|---|---|---|---|---|
| Location | [ ] Urban | [ ] Suburban | [X] Rural | | | Employment Stability | | | [X] | |
| Built Up | [ ] Over 75% | [ ] 25% to 75% | [X] Under 25% | | | Convenience to Employment | | | [X] | |
| Growth Rate | [ ] Fully Dev. | [ ] Rapid | [ ] Steady | [X] Slow | | Convenience to Shopping | | | [X] | |
| Property Values | | [ ] Increasing | [ ] Stable | [X] Declining | | Convenience to Schools | | [X] | | |
| Demand/Supply | | [ ] Shortage | [ ] In Balance | [X] Over Supply | | Adequacy of Public Transportation | | | [X] | |
| Marketing Time | | [ ] Under 3 Mos. | [ ] 4-6 Mos. | [X] Over 6 Mos. | | Recreational Facilities | | | [X] | |

Present Land Use: 10 % 1 Family ___ % 2-4 Family ___ % Apts ___ % Condo ___ % Commercial ___ % Industrial 90 % Vacant ___ %
Adequacy of Utilities: [ ] [ ] [X] [ ]
Change in Present Land Use [X] Not Likely [ ] Likely [ ] Taking Place(*)
Property Compatibility: [ ] [ ] [X] [ ]
(*) From Vacant Agri-Ranch To ___
Protection from Detrimental Conditions: [ ] [ ] [X] [ ]
Predominant Occupancy [X] Owner [ ] Tenant ___ % Vacant
Police and Fire Protection: [ ] [ ] [X] [ ]
Single Family Price Range 45 to 275+ Predominant Value 100
General Appearance of Properties: [ ] [X] [ ] [ ]
Single Family Age New yrs. to 60+ yrs. Predominant Age 28 yrs.
Appeal to Market: [ ] [X] [ ] [ ]

Comments including those factors, favorable or unfavorable, affecting marketability (e.g. public parks, schools, view, noise) See Attached Addendum

## SITE

Dimensions 658' x 1318' subject to survey = +/- 20 Acres   [ ] Corner Lot
Zoning Classification Agricultural/Residential Uses   Present Improvements [X] Do [ ] Do Not Conform to Zoning Regulations
Highest and Best Use [X] Present Use [ ] Other (specify) Highest & best use is its intended restoration to Chilili Land Grant as vacant interior land

| | Public | Other (Describe) | OFF-SITE IMPROVEMENTS | | |
|---|---|---|---|---|---|
| Elec. | [ ] | NONE | Str.Address [X] Public [ ] Private | Topo | Mountainous, forested |
| Gas | [ ] | NONE | Surface Hard Packed Dirt | Size | Typical for the area |
| Water | [ ] | NONE | Maintenance [ ] Public [X] Private | Shape | Rectangular |
| San. Sewer | [ ] | NONE | [ ] Storm Sewer [ ] Curb/Gutter | View | Mountains, forests |
| | | [ ] Underground Elec & Tel | [ ] Sidewalk [ ] Street Lights | Drainage | Appears Adequate   Flood Map: 350133 006B  10/01/2007 |

Property located in a HUD identified Special Flood Hazard Area? [ ] Yes [X] No

Comments (favorable or unfavorable including any apparent adverse easements, encroachments or other adverse conditions) See Attached Addendum

## MARKET DATA ANALYSIS

The undersigned has recited three recent sales of properties most similar and proximate to the subject and has to be considered these in the market analysis. The description includes a dollar adjustment, reflecting market reaction to those items of significant variation between the subject and comparable properties. If a significant item in the comparable property is superior to, or more favorable than subject property, a minus (-) adjustment is made, thus reducing the indicated value of the subject, if a significant item in the comparable is inferior to or less favorable than the subject property, a plus (+) adjustment is made, thus increasing the indicated value of the subject.

| ITEM | SUBJECT | COMPARABLE NO. 1 | +(-) Adjust. | COMPARABLE NO. 2 | +(-) Adjust. | COMPARABLE NO. 3 | +(-) Adjust. |
|---|---|---|---|---|---|---|---|
| Address | Tract 36, Chilili Land Grant, Chilili | Lot 17, Block A Tajique/Shiraz Ranch | | Tr E, Section 31 Moriarty | | Willow Lake Section 6 McIntosh | |
| Proximity to subject | | 7.8 Miles South | | 16.1 Miles Northeast | | 13.1 Miles East | |
| Sales Price | $ N/A | $ 30,000 | | $ 19,000 | | $ 35,000 | |
| Price $/Sq. Ft. | | $43.56 | | $36.68 | | $37.33 | |
| Data Source | MLS/Buyer Intervw | MLS 665310  DOM 0 | | MLS 637749  DOM 206 | | MLS 610742  DOM 397 | |
| Date of Sale and Time Adjustment | DESCRIPTION N/A | DESCRIPTION 08/27/09 | +(-) Adjust. | DESCRIPTION 06/26/09 | +(-) Adjust. | DESCRIPTION 04/16/09 | +(-) Adjust. |
| Location | Chilili Land Grant | Tajique | | Moriarty | | McIntosh | |
| Site/View | 20 Acres/Mtns | 10 Acres/HighPlains | 5,000 | 16 Acres/HighPlains | | 30 Acres/HighPlains | -5,000 |
| Improvements | None | None | | None | | None | |
| Water | None | None | | None | | None/Wells in Area | -2,500 |
| Electr,Gas,Phone | None | None | | None | | None/Gas at Line | -2,500 |
| Road Access | Private/Gated/Dirt | Gravel | | Dirt Road | | Dirt Road | |
| Sales or Financing Concessions | N/A N/A | None None | | None None | | N/A N/A | |
| Net Adj. (Total) | | [X] + [ ] - $ 5,000 | | [X] + [ ] - $ 0 | | [ ] + [X] - $ 10,000 | |
| Indicated Value of Subject | | Gross: 16.7  Net: 16.7 $ 35,000 | | Gross: 0.0  Net: 0.0 $ 19,000 | | Gross: 28.6  Net: -28.6 $ 25,000 | |

Comments on Market Data See attached Addendum for comments

Comments and Conditions of Appraisal See attached Addendum for comments

Final Reconciliation The Market Approach has been given the most weight in formulating the final value conclusion since it best reflects the attitudes of buyers and sellers in the marketplace. The Cost Approach and Income Approach are not applicable.

DEFENDANT'S EXHIBIT 1

## MARKET DATA ANALYSIS

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Chilili | | Edgewood | | Edgewood | | Moriarty | |
| Proximity to Subject | | | 11.4 Miles North | | 11.5 Miles North | | 16.2 Miles Northeast | |
| Sales Price | $ N/A | | $ 36,000 | | $ 22,000 | | $ 15 | |
| Price $/Sq. Ft. | | | $12.10 | | $19.80 | | $4 | |
| Data Source | MLS/Buyer Intervw | | MLS 213   DOM 335 | | MLS 640966   DOM 111 | | MLS 608291   DOM 254 | |
| Date of Sale and Time Adjustment | DESCRIPTION N/A | | DESCRIPTION 03/26/09 | +(-) Adjust. | DESCRIPTION 03/19/09 | +(-) Adjust. | DESCRIPTION 10/24/08 | +(-) Adju. |
| Location | Chilili Land Grant | | Mtn Valley/Edgewd | -10,000 | Mtn Valley/Edgewd | -10,000 | Moriarty | |
| Site/View | 20 Acres/Mtns | | 10 Acres/HighPlains | 5,000 | 10 Acres/HighPlains | 5,000 | 16 Acres/HighPlains | |
| Improvements | None | | None | | None | | None | |
| Water | None | | None/WtrHaul Area | | None | | None | |
| Electr,Gas,Phone | None | | None | | Has Electr/Phone | -2,500 | None | |
| Road Access | Private/Gated/Dirt | | Dirt/Gravel | | Private/Dirt | | Dirt Road | |
| Sales or Financing Concessions | N/A N/A | | None None | | None None | | N/A N/A | |
| Net Adj. (Total) | | | [ ]+ [X]-  $ 5,000 | | [ ]+ [X]-  $ 7,500 | | [X]+ [ ]-  $ | |
| Indicated Value of Subject | | | Gross: 41.7  Net: -13.9  $ 31,000 | | Gross: 79.5  Net: -34.1  $ 14,500 | | Gross: 0.0  Net: 0.0  $ 15 | |

## COMMENTS

Comments on Market Data   The subject is approx 20 acres of vacant farm/ranch grazing & forest lands situated in the Chilili Land Grant approx 6 miles eas the village of Chilili, NM, a very small rural mountain village approx 30 miles SE of Albuquerque (population 113 comprised of 37 households as of last Census). The Chilili Land Grant was petitioned by Francisco Aragon and others in 1841. The grant was approved by Governor Manuel Armijo for 88,345 acres. The office of the Surveyor General confirmed the grant for 23,686 acres. Located in Torrance and Bernalillo counties the land grant was converte an agricultural cooperative in 1943.

Access is via La Jara Rd due east off St Rd 337 from the village of Chilili; La Jara Rd is an unpaved private road owned by the Chilili Land Grant Assn, wit locked gates along the way; prior permission of the Chilili Land Grant Assn is required to access land within the Land Grant including the subject, due to locked gates, although winter access is often impossible due to accumulation of mountain snows which make the roads muddy, deeply rutted, snowboun and impassable.

There are no public utilities (water, gas, electric, phone, cable, etc) available to property within the Land Grant, and there are no plans to ever sell any of the land, which was a grant from the country of Mexico prior to the American Civil War in the mid 1800's. The Chilili Land Grant Assn's heirs can lease tracts from the Grant Assn on long-term leases for purposes of building residences if they should choose, but so far the complete lack of modern utilities and the inaccessability of the roads have made that too impractical to pursue.

While there are a couple of privately owned lots similar to the subject which are located within the Grant, the Grant Assn hopes to recover all of those ov time if possible for purposes of restoring the Land Grant to its original configuration; the Grant Assn's President, Juan Sanchez, reports that even the priv lot owners must obtain permission from the Grant Assn to access their lots since the roads into the area are owned by the Grant Assn, and as noted, the are locked gates along the roadway.

Comparable sales data is difficult to obtain for the small, low sales volume Chilili market even during brisk economic times, and is especially difficult in th more challenging economic climate. Because the subject is a large, 20-acre tract located in a very remote area with no public utilities available, it was necessary to go considerably farther than is usually preferred to locate sales of similar large vacant tracts in remote areas with no utilities.

The criteria used in selecting the comparables were proximity to the subject, similarity in size, design and appeal. All of the comps are from the Corrales market and are influenced by the same locational factors. The sales used in this study identify a probable market value range of $15,000 to $35,000.

The Definition of Market Value includes "The most probable price which a property should bring in a competitive and open market." Because the subject property is located within the Chilili Land Grant, surrounded by tens of thousands of acres owned by the Land Grant Assn, with access limited in good weather by road conditions, gates, and required permissions, and limited in inclement weather by impassable roads, with virtually no public utilities available to any properties within the Land Grant and the cost of bringing utilities in being prohibitive even if the Land Grant Assn would allow it, the sub property and surrounding lands have little use to anyone other than the Chilili Land Grant Assn and heirs, with grazing leases being about the only use th land enjoys now. The Land Grant's tight hold on the surrounding area precludes the consideration of a "competitive and open market" for the subject property, making the determination of its "Market" value a mere academic, hypothetical concept.

Land Grant Assn President Juan Sanchez reports that the Assn has never purchased land from private landholders within the Land Grant area, so there is precedent for what the Land Grant Assn would pay to re-acquire land which it was once given by Mexico over 150 years ago. Additionally, MLS reports r sales of comparable tracts of land sold by Land Grant communities or organizations. Therefore, in the final analysis, the subject's value appears fairly w limited to whatever the Land Grant Assn would pay to re-acquire such a tract to restore it to its original status as part of the Land Grant, for which there no precedent.

That said, the "Market" value opinon developed in this report approaches the subject as if it was marketed in a "competitive and open market" environme which all of the comps apparently were. However, outside of that academic, hypothetical construct, when viewed in its true, present day setting as outli above, the subject property would have neglibile value to anyone other than the Chilili Land Grant Assn and its heirs.

# Stephen K Osborne

P O Box 1151  
Tijeras, NM 87059

Phone: (505) 620-7000  
Office: (505) 271-9300

## EXPERIENCE

**MARTINEZ & ASSOCIATES INC (2001-Present):**  
Senior Vice Pres/Certified Appraiser, Res'l Appraisal firm — Albuquerque, NM

**FIRST NATIONAL BANK OF SANTA FE (1996-2001):**  
Senior Vice Pres & Mgr, *Retail Banking Division* — Santa Fe, NM

**NORWEST MORTGAGE INC   (1992 - 1996):**  
New Mexico Area Manager — Albuquerque, NM

**FIRST INTERSTATE BANK   (1983 - 1992):**  
Senior Vice Pres & Mgr, *Commercial & Res'l Real Estate Loan Div* — Albuquerque, NM

**NEW MEXICO FEDERAL SAVINGS BANK (1975 - 1983):**  
Senior Vice Pres/N M Area Mgr, *Real Estate Lending* — Albuquerque, NM

## EDUCATION

1967 - 1972   University of Oklahoma (Major in Industrial Psychology; Minors Finance, English)  
1963 - 1967   Arrowhead High School (Hartland, Wisconsin)  
- - Top 10% of Class:  Elected to *Nat'l Honor Society* by Instructors

## PROFESSIONAL EDUCATION

| Course | Sponsor | Location | Dates | Hours |
|---|---|---|---|---|
| Appraisal Principles | Appraisal Institute | Houston, Tx | 9/23-9/29/01 | 36 |
| Appraisal Procedures | Appraisal Institute | Portland, Ore | 10/8-10/13/01 | 36 |
| Standards of Prof Practice | Appraisal Institute | Houston, Tx | 11/2-11/03/01 | 15 |
| Regional Economic Forecast | Appraisal Institute | Albuq, NM | 2/08/02 | 2 |
| Standards of Prof Practice | Appraisal Institute | Albuq, NM | 3/27-3/28/03 | 15 |
| Uniform Res'l App Report | Dearborn Institute | Albuq, NM | 9/19-9/20/03 | 15 |
| Appraisal Methods | Norris Schools Inc | Albuq, NM | 9/22-9/25/03 | 30 |
| Appraising Manufactured Hsg | Appraisal Institute | Online | 11/26/03 | 7 |
| FHA Appraisal Process | Appraisal Institute | Online | 1/02/04 | 7 |
| Applied Res'l Prop Valuation | Norris Schools Inc | Albuq, NM | 3/25-3/26/04 | 15 |
| FHA: New Res' Apprs'l Form | Appraisal Institute | Albuq, NM | 1/27/06 | 7 |
| Subdivision Valuation | Appraisal Institute | Albuq, NM | 4/7/06 | 7 |
| Fundamentals, Apps'l Review | Columbia Institute | Albuq, NM | 2/16/07 | 7 |
| Uniform Stds of Prof Practise | Appraisal Institute | Albuq, NM | 1/24/08 | 7 |
| Mortgage Fraud | McKissock Education | Albuq, NM | 2/26/08 | 7 |
| Convincing Res'l Apps'ls | Appraisal Institute | Albuq, NM | 5/9/08 | 3.5 |
| AI-100 Summary Apps'l Repts | Appraisal Institute | Albuq, NM | 5/9/08 | 3.5 |
| | | | | 213 |

## ORGANIZATIONS
*past and present*

State Certified Real Estate Appraiser NM 02212-R  
The Appraisal Institute  
Albuquerque Board of Realtors  
NM Homebuilders Assn (Board of Directors)  
NM Mortgage Bankers Assn (Board of Directors)  
ABQ Neighborhood Housing Assn (Board of Directors)  
Namaste Child & Family Development (Board of Directors)

5/11/08