## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GEORGIA FILM FUND SEVENTEEN
PRODUCTIONS, LLC,

                Plaintiff/Counter-Defendant,                No. 1:14-cv-00032-KG-KK

v.

JUAN SANCHEZ, individually and as President of the
CHILILI LAND GRANT/LA MERCED DE CHILILI,
the LA MERCED DE PUEBLO DE CHILILI BOARD
OF TRUSTEES,

                Defendants/Cross-Claim Defendants, and

PATRICK ELWELL,

                Defendant/Counter-Plaintiff/  Cross-Plaintiff.

### RESPONSE TO SUPPLEMENT TO MOTION TO DISMISS

Dismissal of Juan Sanchez, individually and as President of the Chilili Land Grant/La Merced de Chilili, and the La Merced de Pueblo de Chilili Board of Trustees (the "Chilili Defendants") is improper because: 1) the $160,000.00 amount claimed by Georgia Film Fund Seventeen Productions, LLC ("Georgia Film") in the Complaint controls and is alone sufficient to support subject matter jurisdiction; 2) the actual expenses incurred by Georgia Film to date are $154,100.99,[1] well in excess of the $75,000.00 jurisdictional amount; and 3) the offer of judgment accepted by Patrick Elwell is not an accurate measure of the litigation value of that claim.  *See Jackson v. American Bankers Ins. Co. of Fla*., 976 F.Supp. 1450, 1454 (S.D. Ala. 1997); *Carnahan v. Southern Pac. R.R. Trans. Co*., 914 F.Supp. 1430, 1431-32 (E.D. Tex. 1991) ("As economics help us understand, the rational amount for which one is willing to settle is generally less than the maximum jury award that is reasonably plausible at the conclusion of a

---

[1] *See* Amended Disclosures, served on 2/24/15 and attached as Exhibit A.

successful trial."); *Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 24 (S.D.W. Va. 1994) ("In order to allow for the hazards and costs of litigation, settlement offers routinely represent a discount from the damages will attempt to prove at trial.").  Dismissal of the Chilili Defendants premised on the alleged lack of subject matter jurisdiction is contrary to the law and the facts of this case and would be improper.

## ARGUMENT

The fact remains that the amount in controversy alleged in the Complaint is sufficient to support subject matter jurisdiction.[2]  *See McPhail,* 529 F.3d at 952 (noting that to maintain federal court jurisdiction, "all the plaintiff needs to do is allege an amount in excess of $75,000 and he will get his way"); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171-1172 (10th Cir. 2011) (the party challenging jurisdiction failed to demonstrate to a legal certainty that the amount in controversy could not be met, noting that there was no evidence to support a determination that the damages claim was made in bad faith); 14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3702, at 97–98 (1998) (because of the strong presumption favoring the amount alleged by the plaintiff, it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied).

The Chilili Defendants fail to demonstrate to a legal certainty that the amount in controversy could not be met or that amount claimed (premised on a monetary demand received by Georgia Film) was made in bad faith.   Rather, Georgia Film alleged an amount in controversy of $160,000.00, based on the monetary demand that it received from Elwell on November 3, 2013.  *See* Complaint, filed January 9, 2014 (Doc. 1) at ¶ 13 and its Exhibit B ("Invoice for Utilization of Parcel" in the amount of $160,000.00).  Moreover, Georgia Film has

---

[2] Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires a diversity of citizenship between the parties and an amount in controversy that exceeds "$75,000, exclusive of interest and costs."  *McPhail v. Deere & Co.,* 529 F.3d 947, 952 (10th Cir.2008) (quoting 28 U.S.C. § 1332(a)).

recently demonstrated that its expenses to date of $154,100.99 greatly exceed the threshold jurisdictional amount.   *See* Exhibit A.  These expenses consist of, *inter alia*, a rental fee of $35,000.00 and rehabilitation fee of $25,000.00 paid to the Land Grant, the $35,000.00 offer of judgment to Elwell, $43, 641.95 in attorney's fees, and $5,458.95 in mediation fees.  *Id*.  The Chilili Defendants are contractually obligated to indemnify Georgia Film for these expenses, including attorney's fees, because Defendant Juan Sanchez, individually and as the President of the Chilili Land Grant, signed the Location Agreement and represented that:

> Owner warrants that Owner is the owner (or agent of the owner) of said premises, that Owner is fully authorized to enter into this Agreement and has the right to grant Produce[r] the use of said premises and each and all of the rights herein granted and no third party's permission is required for the use of said premises. Owner shall indemnify and hold Producer harmless from and against any and all loss, cost, liabilities, damages or claims (including attorney's fees) of any nature arising from the breach of warranty or agreement made by Owner in the Agreement.

Complaint (Doc. 1) and its Exhibit A (Location Agreement) at p. 2, ¶ 9.

Where there is a contractual agreement to indemnify for attorney's fees, the amount expended may be used in calculating the jurisdictional amount:

> The law is now quite settled  …  that the amount expended for attorney's fees are a part of the matter in controversy for subject matter jurisdiction purposes when they are provided for by contract or by state statute; but only a reasonable attorney's fee may be included in measuring the amount in controversy.

*Salazar v. GEICO Ins. Co*., 2010 WL 2292930, *6 (D.N.M. 2010) (unpublished), quoting 14AA C. Wright & A. Miller, *Fed. Prac. & Proc. Juris*. § 3712, at 289-91 (2009).

The Chilili Defendants' request to base the jurisdictional amount solely on the offer of judgment accepted by Elwell ignores the fact that they are also Defendants in this matter who have materially breached their agreement with Plaintiff and that the expenses incurred in

resolving claims that they contractually agreed to indemnify greatly exceed the requisite jurisdictional amount.  The offer of judgment alone is not an accurate measure of the litigation value of the claim.

## CONCLUSION

Because the amount in controversy clearly exceeds $75,000.00, Georgia Film respectfully requests that the Court deny the Motion to Dismiss.

Respectfully Submitted,


**FOSTER, RIEDER & JACKSON, P.C.**


By:    /s/Geoffrey D. Rieder
            Geoffrey D. Rieder
            Sarah K. Downey
            201 Third Street, NW, Suite 1500
            Albuquerque, NM  87102
            (T) (505)767-0577
            (F) (505) 242-9944
*Attorneys for Plaintiff Georgia Film Fund Seventeen Productions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2015, a true and correct copy of the foregoing was served electronically by the Clerk on counsel of record.

Richard D. Barish
Leonard G. Espinosa
ESPINOSA & ASSOCIATES, P.C.
100 Sun Ave. N.E., Suite 204
Albuquerque, N.M. 87109
rdb@espinosa-associates.com

Narciso Garcia
Narciso Garcia, JR., LLC
2033 San Mateo Blvd,, N.E.
Albuquerque, NM 87110
narcisolaw@aol.com

/S/Geoffrey D. Rieder
Geoffrey D. Rieder